FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2011 NOV 22 PM 3:01

CLERK US DISTRICT
MIDDLE DISTRICT
JACKSONVILLE, FLORIDA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | | |
| v. | CASE NO. | 3:11-cr-294-J-32TEM |
| | Ct. 1: | 18 U.S.C. § 1341 |
| ELOD TAMAS TOLDY | Ct. 2: | 18 U.S.C. § 2320(a)(1) |
| | Forfeitures: | 18 U.S.C. § 981(a)(1)(c) |
| | | 28 U.S.C. § 2461(c) |
| | | 18 U.S.C. § 2323 |

## INFORMATION

The United States Attorney charges:

### COUNT ONE

#### A. Introduction

At all times material to this Information:

1. Pioneer Breaker and Control Supply was a company located in Austin, Texas, which was in the business of selling circuit breakers and other electronic products.

2. Nick's Sales was the online sales and marketing department for Pioneer Breaker and Control Supply.

3. The defendant, ELOD TAMAS TOLDY was the owner and operator of Pioneer Breaker and Control Supply and Nick's Sales.

4. American Circuit Breaker Corporation was a corporation located in Albemarle, North Carolina, which manufactured and sold, among other things, circuit breakers bearing the trademark name "Stab-Lok".

5. Connecticut Electric & Switch Manufacturing Company was a corporation located in Puyallup, Washington, which manufactured and sold, among other things,

circuit breakers bearing the trademark name "Zinsco".

6. Schneider Electric Industries SAS, was a company headquartered in the country of France, which manufactured and sold, among other things, electronic pushbuttons, joysticks and switches bearing the trademark name "Telemecanique".

7. ABB Asea Brown Boveri Limited was a company headquartered in the country of Switzerland, which manufactured and sold, among other things, definite purpose electronic contacts bearing the trademark name "ABB."

8. Siemens Aktiengesellschaft was a company headquartered in the country of Germany, which manufactured and sold, among other things, relay switches and electric contacts bearing the trademark name "Siemens".

9. United Laboratories was a company headquartered in Illinois, which provided safety science studies and other services under the trademark "UL."

### B. The Scheme

10. Beginning at a time unknown, but at least by in or about December, 2008, and continuing until in or about April, 2010, in the Middle District of Florida, and elsewhere,

ELOD TAMAS TOLDY,

the defendant herein, did knowingly and willfully devise, and intend to devise, a scheme and artifice to defraud consumers of electrical circuit breakers and other electronic products and for obtaining money and property from consumers of electrical circuit breakers and electrical products by means of false and fraudulent pretenses, representations, and promises relating to material facts.

## C.   The Manner and Means

11.   It was part of the manner and means of the scheme and artifice to defraud that the defendant, would and did, establish Pioneer Breaker and Control Supply.

12.   It was part of the manner and means of the scheme and artifice to defraud that the defendant, would and did, establish Nick's Sales as an on line marketing department of Pioneer Breaker and Control Supply.

13.   It was part of the manner and means of the scheme and artifice to defraud that the defendant, would and did, acquire circuit breakers manufactured by American Circuit Breaker Corporation bearing the trademark name "Stab-Lok."

14.   It was part of the manner and means of the scheme and artifice to defraud that the defendant, would and did, travel to the People's Republic of China with samples of the aforementioned circuit breakers bearing the trademark name of "Stab-Lok".

15.   It was part of the manner and means of the scheme and artifice to defraud that the defendant, would and did, meet with manufacturers of electronic products in the People's Republic of China and provide them with the samples of the aforementioned circuit breakers bearing the trademark name of "Stab-Lok".

16.   It was part of the manner and means of the scheme and artifice to defraud that the defendant, would and did, contract with manufacturers of electronic products in the People's Republic of China to produce circuit breakers bearing the counterfeit trademark name of "Stab-Lok".

17. It was part of the manner and means of the scheme and artifice to defraud that the defendant, would and did, import into the United States from the People's Republic of China, circuit breakers bearing the counterfeit trademark name of "Stab-Lok".

18. It was part of the manner and means of the scheme and artifice to defraud that the defendant, would and did, import into the United States from the People's Republic of China, electronic products bearing the counterfeit trademarks of "Zinsco", "Telemecanique", "ABB" and "Siemens".

19. It was part of the manner and means of the scheme and artifice to defraud that the defendant, would and did, affix, or cause to be affixed, labels bearing the counterfeit trademark of "UL" on the circuit breakers and other electronic products bearing the counterfeit trademarks of "Stab-Lok", "Zinsco", Telemecanique", "ABB" and "Siemens."

20. It was part of the manner and means of the scheme and artifice to defraud that the defendant, would and did use Pioneer Breaker and Control Supply and Nick's Sales to market and sell circuit breakers and other electronic products bearing the counterfeit trademarks of "Stab-Lok", "Zinsco", Telemecanique", "ABB" and "Siemens" and bearing counterfeit "UL" labels as the genuine or actual circuit breakers and other electronic products manufactured by the respective trademark holders and tested by United Laboratories.

### D. The Mailing

21. On or about May 18, 2009, in Duval county, Middle District of Florida,

ELOD TAMAS TOLDY,

the defendant herein, for the purpose of executing the aforementioned scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did unlawfully, knowingly, and willfully cause to be delivered by United Parcel Service, a private and commercial interstate carrier, according to the directions thereon, the following things and matters:

Eleven counterfeit "Zinsco" and "Stab-Lok" circuit breakers bearing the counterfeit trademark "UL."

All in violation of Title 18, United States Code, Section 1341.

### COUNT TWO

### Trafficking in Counterfeit Goods and Services

Beginning at a time unknown, but at least by December, 2008, and continuing until in or about April, 2010, in Duval County, Middle District of Florida, and elsewhere,

ELOD TAMAS TOLDY,

the defendant herein, did knowingly and intentionally traffic and attempt to traffic in goods, to wit: "Zinsco" and "Stab-Lok" circuit breakers; "Telemecanique" electronic pushbuttons, joysticks and switches; "ABB" electronic contacts and "Siemens" relay switches and electronic contacts, bearing "UL" testing affirmations, and did knowingly use counterfeit marks on and in connection with such goods.

All in violation of Title 18, United States Code, Section 2320(a)(1).

## **FORFEITURES**

1.  The allegations contained in Counts One and Two of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C); Title 28, United States Code, Section 2461(c); and Title 18, United States Code, Section 2323.

2.  Upon conviction of the offense in violation of Title 18, United States Code, Section 1341 set forth in Count One of this Information, punishable by imprisonment for more than one year, the defendant, ELOD TAMAS TOLDY, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3.  Upon conviction of the offense in violation of Title 18, United States Code, Section 2320, as alleged in Count Two of this Information, punishable by imprisonment for more than one year, the defendant, ELOD TAMAS TOLDY, shall forfeit to the United States of America pursuant to Title 18, United States Code, Section 2323(b), any property, real or personal, which:

   a.  any article, the making or trafficking of which is, prohibited under section 506 of title 17, or section 2318, 2319, 2319A, 2319B, or 2320, or chapter 90, of title 18;

   b.  any property used, or intended to be used, in any manner or part to commit or facilitate the commission of the offense; and/or

   c.  any property constituting or derived from any proceeds obtained directly or indirectly as a result of the commission of the offense.

3.  If any of the property described above, as a result of any act or omission of the defendant:

      a.     cannot be located upon the exercise of due diligence;

      b.     has been transferred or sold to, or deposited with, a third party;

      c.     has been placed beyond the jurisdiction of the court;

      d.     has been substantially diminished in value; or

      e.     has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), and/or as incorporated by Title 18, United States Code, Section 2323(b).

ROBERT E. O'NEILL
United States Attorney

By: _____
RUSSELL C. STODDARD
Assistant United States Attorney

_____
MAC D. HEAVENER, III
Assistant United States Attorney
Deputy Chief, Jacksonville Division